## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2789 | **DATE** | June 13, 2008 |
| **CASE TITLE** | David Fuentes (2007-0085000) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff David Fuentes' motion to proceed *in forma pauperis* [4] is granted. The trust fund officer at Fuentes' place of confinement is authorized to deduct an initial partial filing fee of $4.40 from Fuentes' account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts at the Cook County Jail. Summonses shall not issue at this time. The current complaint is dismissed without prejudice to Fuentes submitting an amended complaint in accordance with this order within 30 days of the date of this order. Failure to file an amended complaint within 30 days will result in dismissal of Fuentes' case. Fuentes' motion for the appointment of counsel [5] is denied without prejudice. Corey Frazier's motion to proceed *in forma pauperis* [3] and his claims are dismissed without prejudice to Frazier filing a separate complaint. Frazier should not include the number of this case on his refiled complaint, will be randomly assigned to a judge in this district. Frazier is dismissed as a plaintiff. The clerk shall forward an amended complaint form to Fuentes, and a complaint form and an *in forma pauperis* application to Frazier.

■ [**For further details see text below.**]    Docketing to mail notices.

### STATEMENT

Cook County Jail inmates David Fuentes and Corey Frazier have combined their civil rights complaints and have filed a single pleading. The first part of the complaint contains Fuentes' claims of unconstitutional conditions of his confinement. Fuentes states that he was placed in a cell with a broken toilet, then placed in a cell with a hole in the ceiling, and then moved to another cell where the ventilation blew only cold air and the sink did not work. The second part of the complaint contains Corey Frazier's allegations of different unconstitutional conditions with respect to his confinement. Frazier states that he was housed in a cell without hot water, and then his tier was on lockdown for a week, during which time the inmates were not allowed to shower.

Fed. R. Civ. P. 20(a) allows prisoners to file jointly one complaint if their claims arose from the same occurrence or series of occurrences, or if the claims involve the same issues. *See Boriboune v. Berge*, 391 F.3d 852, 854 (7th Cir. 2004). However, the plaintiffs in this case present different claims that are based upon different events and that involve different defendants. The plaintiffs may not join their claims in this case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Rule 20(a).
**(CONTINUED)**

isk

**STATEMENT (continued)**

Accordingly, the Court will allow David Fuentes, the first plaintiff, to proceed with the present suit. Corey Frazier is dismissed as a plaintiff in this case, and Frazier's claims are dismissed without prejudice to Frazier filing his claims as a separate suit in a separate complaint with either payment of the filing fee or another *in forma pauperis* application. Frazier should not use the same name or case number as this case, and his complaint will be randomly assigned. The clerk shall forward to Frazier another civil rights complaint form. A review of Frazier's claims reveals that the statute of limitations is not currently an issue, given that the events giving rise to his claims occurred in late 2007 and 2008. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (limitations period for § 1983 claims in Illinois is two years). Dismissing his claims now should not adversely affect his ability to pursue his claims separately.

With respect to the complaint currently before the Court, the complaint is dismissed without prejudice to Fuentes filing an amended complaint that asserts only his claims. Fuentes should use the same case number as this case. Fuentes should assert only related claims in his amended complaint. Furthermore, Fuentes is advised that an amended complaint supersedes a previously filed complaint and must stand complete on its own. The Court will not refer back to prior pleadings to determine the claims Fuentes seeks to raise or the defendants to this case. Fuentes therefore should include in the amended complaint all of the claims he seeks to assert in this case against the defendants. The clerk shall forward a civil rights complaint form to Fuentes.

The Court finds that Fuentes is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Fuentes is assessed an initial partial filing fee of $4.40. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Fuentes' trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Fuentes' place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Fuentes' name and the case number assigned to this action. Fuentes shall remain responsible for this filing fee obligation, and the Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Fuentes is transferred to another facility.

Fuentes' motion for the appointment of counsel is denied at this time. Currently, there are no complex issues, complex discovery, or an evidentiary hearing, and Fuentes' pleadings demonstrate his ability to proceed adequately with the case at this stage. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).