# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2789 | **DATE** | July 14, 2008 |
| **CASE TITLE** | David Fuentes (2007-0085000) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff David Fuentes may proceed against Superintendent Salazar with the amended complaint's claim that plaintiff endured an overflowing toilet and a flooded cell for several weeks. The clerk shall issue summons for service of the amended complaint by the U.S. Marshal on this defendant. Superintendent Salazar need respond only to the overflowing toilet claim, the first claim, in plaintiff's amended complaint. The other claims are dismissed and the other defendants are terminated from this case. The clerk shall mail to plaintiff instructions for filing documents in this Court and a magistrate judge consent form, along with a copy of this order.

■ [**For further details see text below.**]                                                                                        Docketing to mail notices.

## STATEMENT

Plaintiff, Cook County Jail inmate David Fuentes (2007-0085000), has filed an amended complaint in accordance with the Court's June 13, 2008 order. Plaintiff alleges that he encountered problems with five or six cells in which he was held. Plaintiff states that he was placed in a cell for 3½ weeks with a broken toilet that overflowed every time it flushed, flooding plaintiff's cell each time. Plaintiff alleges that he had to constantly mop with towels and sheets, that he told several Cook County officers and Superintendent Salazar, but that they never fixed the problem. Plaintiff then asserts that he was transferred to a cell with holes in the ceiling tile, then to a cell in which the sink ran only hot water, then to a cell where the sink shot cold water in the air, then to another cell where the ventilation was not working properly.

A preliminary review of plaintiff's amended complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff may proceed with his claim that he had to endure a continuously overflowing toilet for 3½ weeks, that he had to mop repeatedly with towels and linens, that he informed Salazar of the problem several times, but that Salazar did nothing to fix the problem. *See Townsend v. Fuchs*, 522 F.3d 765, 774 (7th Cir. 2008) (*citing Gillis v. Litscher*, 468 F.3d 488, 494 (7th Cir. 1996)). A more developed record may reveal that plaintiff's claim is without merit and does not sufficiently set forth deliberate indifference with respect to an unconstitutional condition of his confinement; nevertheless, Salazar, the only named defendant associated with this claim, must respond to this allegation of plaintiff's amended complaint.

**(CONTINUED)**

isk

**STATEMENT (continued)**

Plaintiff's other claims, however, cannot proceed in this case. Plaintiff's complaints about the conditions in other cells in other areas of the jail, about which plaintiff informed different Cook County Jail officers, are not related to his complaint about the overflowing toilet. Unrelated claims against different defendants should be brought in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Also, the amended complaint's description of the conditions in other cells does not, as currently drafted, allege an unconstitutional condition of confinement. *See Sain v. Wood,* 512 F.3d 886, 894 (7th Cir. 2008). Accordingly, plaintiff may proceed only with his claim that he had to endure an overflowing toilet in a cell for 3½ weeks.

The United States Marshals Service is appointed to serve the amended complaint on Superintendent Salazar. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve this defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.